T.C. Memo. 2018-179

UNITED STATES TAX COURT

FRANKLIN DOUGLAS STOUT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19261-17L.                           Filed October 24, 2018.

Franklin Douglas Stout, Jr., pro se

<u>David Delduco</u>, <u>John W. Sheffield III</u>, and <u>Rubinder K. Bal</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)[1] of the determination by the Internal

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]** Revenue Service (IRS or respondent) to uphold the issuance of a notice of intent to levy. The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2009, 2010, and 2012. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner resided in Georgia when he filed his petition.

Petitioner did not file a Federal income tax return for 2009, 2010, or 2012. For each year the IRS prepared a substitute for return (SFR) that met the requirements of section 6020(b). The IRS issued petitioner a notice of deficiency for each year on the basis of the SFR.

Petitioner petitioned this Court for review of the notices of deficiency for 2009 and 2010. Both cases were settled, and this Court entered stipulated decisions on the basis of the parties' agreements. Stout v. Commissioner, T.C. Dkt. No. 888-15 (Dec. 14, 2015); Stout v. Commissioner, T.C. Dkt. No. 27755-14S

[*3] (July 30, 2015). Both decisions are now final. On December 14, 2015, and February 15, 2016, respectively, the IRS assessed the deficiencies and additions to tax determined by this Court, plus applicable interest.

In August 2015 respondent issued a notice of deficiency to petitioner for 2012. Petitioner does not dispute that this notice was properly mailed to his last known address. When petitioner failed to petition this Court within 90 days of that notice, the IRS assessed, on January 18, 2016, the tax liability it had determined for 2012.

Petitioner did not pay any of these liabilities upon notice and demand for payment. On February 20, 2017, in an effort to collect these outstanding liabilities, the IRS sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing. He timely requested a CDP hearing.

In his hearing request petitioner did not check the box indicating that he desired a collection alternative. Instead he asserted that "for the years 2009 and 2012 I do not owe all or part of the taxes." The IRS received his hearing request and promptly assigned it to a settlement officer (SO) in the Memphis, Tennessee, Appeals Office.

On May 16, 2017, the SO sent petitioner a letter scheduling a telephone CDP hearing for June 22, 2017. The SO advised petitioner that she could not

[*4] consider collection alternatives unless he submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and fulfilled his current Federal tax filing obligations.  After determining that petitioner had not filed returns for 2014, 2015, and 2016, the SO informed him that he needed to file and supply her with copies of returns for these three years before she could consider any collection alternative.

The CDP hearing was held as scheduled on June 22, 2017.  At that time petitioner had not filed returns for 2014-2016 or submitted any financial documentation.  The SO gave him two weeks, until July 6, 2017, to submit the required documents.  To assist petitioner in preparing his delinquent returns, the SO agreed to send him IRS records verifying his income.  Petitioner said that he would call her back and provide a fax number to enable her to forward the IRS records.

Petitioner did not call back until July 6, 2017, the date by which he was supposed to have supplied the delinquent returns.  During this second call he provided a fax number, and the SO faxed the income verification information to him.  The SO again extended the deadline, to July 15, 2017, for submitting the delinquent returns, Form 433-A, and supporting financial information.  Petitioner submitted none of these documents by this third deadline.

**[\*5]**  On July 17, 2017, petitioner contacted the SO with a number of questions, which she addressed.  She gave him new deadlines for submitting documents: July 19 for the Form 433-A and July 25 for the delinquent tax returns.  On July 19 the SO received from petitioner a fax that contained a Form 433-A with incomplete financial information.  On the fax cover sheet petitioner stated that he was "now working on the outstanding tax returns."  The SO reviewed the Form 433-A and concluded that petitioner likely had the ability to pay in full his assessed tax liabilities for 2009, 2010, and 2012.

The SO attempted to call petitioner on July 27 and again on July 31 to discuss the status of the delinquent returns.  On neither occasion was she able to reach him or leave a voice message.  On August 1, having received none of the promised tax returns, the SO decided to close the case.

On August 4, 2017, the IRS issued petitioner a notice of determination sustaining the proposed levy, and he timely petitioned this Court for redetermination.  He alleges in his petition that "it took [him] longer than expected" to have his 2014-2016 tax returns completed but that he has now "completed the returns that were requested."  On July 12, 2018, respondent filed a motion for summary judgment, to which we directed petitioner to respond.  He filed no response.

**[*6]** <u>Discussion</u>

A.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp.</u>, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, the Court could enter a decision against him for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[*7] B.     Standard of Review**

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where (as here) the taxpayer's underlying liability is not before us,[2] we review the IRS decision for abuse of discretion only. See id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**C.     Analysis**

In determining whether the SO abused her discretion we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the

---

[2]Petitioner cannot now challenge his underlying tax liability for 2009, 2010, or 2012 because he received a notice of deficiency for each of those years, two of which he litigated in this Court. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

**[*8]** need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c). In his CDP hearing request petitioner stated his belief that he owed no tax for 2009 or 2012. As noted supra note 2, petitioner was precluded from challenging his underlying tax liabilities for 2009 and 2012, at the CDP hearing and in this Court, because he received notices of deficiency for both years, which gave him a prior opportunity to challenge those liabilities.

Petitioner did not submit any offer of a collection alternative. Even if he had, he was not in compliance with his tax filing obligations for tax years 2014-2016. The SO could properly have rejected any proposed collection alternative on that ground alone. See Cox v. Commissioner, 126 T.C. 237, 258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441. The SO gave petitioner repeated opportunities to comply with his current tax filing obligations, and she closed the case only after petitioner had failed for the fourth time to comply with the deadlines she set. IRS records show that, as of the date respondent filed his

**[\*9]** motion for summary judgment, petitioner's returns for 2014, 2015, and 2016 remained unfiled.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.